# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>CHRISTOPHER DEPACE,<br><br>        Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP'S ("WALMART"),<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTEENTH JUDICIAL CIRCUIT<br><br>CASE NO.<br><br>**SUMMONS**<br>(JURY TRIAL REQUESTED) |

**TO THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, Nauheim Law Office, LLC, P.O. Box 31458, Charleston, South Carolina 29417, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                NAUHEIM LAW OFFICE, LLC

                                                *s/David A. Nauheim*
                                                David A. Nauheim
                                                Attorneys for the Plaintiff
                                                P.O. Box 31458

Charleston, South Carolina                  Charleston, South Carolina 29417
September 28, 2022                              (843) 534-5084

ELECTRONICALLY FILED - 2022 Sep 28 10:11 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004532

1

ELECTRONICALLY FILED - 2022 Sep 28 10:11 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004532

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>CHRISTOPHER DEPACE,<br><br>   Plaintiff,<br><br>  vs.<br><br>WAL-MART STORES EAST, LP'S ("WALMART"),<br><br>   Defendant. | IN THE COURT OF COMMON PLEAS FOR THE FIFTEENTH JUDICIAL CIRCUIT<br><br>CASE NO.<br><br>**COMPLAINT**<br>(JURY TRIAL REQUESTED) |

The Plaintiff above named, complaining of the Defendant herein, would respectfully show unto the Court:

## NATURE OF ACTION

This is a Title VII discrimination case in which the Defendant terminated the Plaintiff, a man with albinism, with no progressive discipline while he performed his duties to standard, and refused his rehire after he brought a discrimination complaint for his termination.

## JURISDICTION AND PARTIES

1. Wal-Mart Stores East, LP (Walmart) is a Delaware corporation with its principal place of business in Bentonville, Arkansas. It is licensed to do business in the state of South Carolina.

2. Walmart operates a store at 11980 Frontage Rd, Murrells Inlet, South Carolina, the subject facility for this charge.

3. The Plaintiff, Christopher DePace, is a resident of Horry County, SC.

4. Walmart is an employer within the scope of Title VII of the Civil Rights Act of 1964 and

ELECTRONICALLY FILED - 2022 Sep 28 10:11 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004532

is subject to the obligations and prohibitions of that Act.

5. All parties and subject matters herein are within the jurisdiction of this Honorable Court.

## FACTS

6. In August of 2021, Walmart hired the Plaintiff, Christopher DePace, as a Food and Consumables associate.

7. Mr. DePace has ocular albinism manifested as very light skin and severely impaired sharpness of vision.

8. Walmart learned about the Mr. DePace's condition during his hiring process because his albinism is apparent.

9. Walmart Walmart Assistant Manager Bobbie _____, who interviewed and hired Mr. DePace, about Mr. DePace's disability because Mr. DePace informed him of the condition.

10. Walmart chose to not give full training to Mr. DePace after hiring him.

11. Walmart did not issue Mr. DePace all of the equipment he needed, such as a handheld scanner.

12. Walmart did issue scanners to other employees that were hired after Mr. DePace.

13. Despite this, Mr. DePace was still able to perform the essential functions of his position in a manner that fulfilled Walmart's reasonable expectations.

14. Walmart issued Mr. DePace no disciplinary actions while he was employed.

15. On Sept 22, Walmart terminated Mr. DePace.

16. Walmart's stated reason for terminating Mr. DePace was due to his work performance.

17. Store Manager Bobbie and Assistant Store Manager Lisa _____ informed Mr. DePace

he was being fired.

18. During this meeting, Store Manager Bobbie and Assistant Store Manager Lisa told Mr. DePace that he was being terminated due to his work performance.

19. The same day, Walmart's corporate Ethics Department received a call from Mr. DePace asking for an investigation of potential discrimination.

20. Weeks later, Walmart's Ethics Department called Mr. DePace and told him his separation was changed from "termination" to "end of temporary assignment."

21. The Ethics Department did not offer any further justification about why Walmart ended Claimant's employment.

22. During the Ethics Department's investigation, it took statements from associates.

23. Walmart did not take any statements from associates prior to Mr. DePace's termination.

24. Walmart, through its Ethics Department, subsequently chose not to reinstate Mr. DePace.

25. Instead, Walmart's Ethics Department communicated to Mr. DePace that he could submit a new application for employment with Walmart.

26. Walmart subsequently received multiple applications from Mr. DePace.

27. Walmart received the applications but chose to not interview or hire Mr. DePace.

28. On information and belief, the subject facility has hired multiple new employees since Mr. DePace has submitted his new applications.

29. Walmart's true reason for not reinstating Mr. DePace and ignoring his new job applications was because of his discrimination complaint to the Ethics Department.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30. On or about January 14, 2022, the Plaintiff timely filed administrative charge for discrimination with the EEOC.

31. On or about August 17, 2022, the Plaintiff received a Notice of Right to Sue letters from the EEOC.

32. The Plaintiff has exhausted administrative remedies, as required, and has now opted to pursue this case in the Court of Common Pleas for the Ninth Judicial Circuit.

33. The Plaintiff has filed this suit within the applicable statute of limitations.

## FOR A FIRST CAUSE OF ACTION
### Retaliation in violation of Title VII of the Civil Rights Act of 1964

34. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

35. The Defendant is subject to the requirements and prohibitions of Title VII of the Civil Rights Act of 1964.

36. The Plaintiff engaged in a protected action under Title VII.

37. The Plaintiff's protected action is that he made a discrimination complaint to his employer.

38. Defendant subsequently took adverse action against the Plaintiff.

39. The Plaintiff met the employer's expectations at all relevant times.

40. The Defendant's adverse action against the Plaintiff was due to his protected action.

41. The aforementioned actions were taken in intentional, knowing, and willful violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and caused the Plaintiff economic and noneconomic damages.

ELECTRONICALLY FILED - 2022 Sep 28 10:11 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004532

## FOR A SECOND CAUSE OF ACTION
### Wrong Termination in violation of Title VII of the Civil Rights Act of 1964

42. The Plaintiff re-alleges all foregoing paragraphs as if restated herein verbatim.

43. The Defendant is subject to the requirements and prohibitions of Title VII of the Civil Rights Act of 1964.

44. The Plaintiff is a member of a protected class un Title VII.

45. The Plaintiff suffered adverse employment action: he was terminated.

46. He met the employer's expectations at all relevant times.

47. The Defendant's adverse action against the Plaintiff was due to his status as a member of a protected class.

48. The aforementioned actions were taken in intentional, knowing, and willful violation of 42 USC §1981 and caused the Plaintiff economic and noneconomic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for all injuries and damages, punitive damages, fees and costs and equitable remedies set forth in this complaint and/or allowed, provided for, or permitted by the common law or statutory law in such an amount as shall be determined by the finder of fact under the evidence presented at trial, and for an Order requiring Defendant to bring its policies, procedures, training and supervision in compliance with statutes and constitutional provisions reference herein, and for further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David A. Nauheim
DAVID A. NAUHEIM
SC Bar Number 102083
NAUHEIM LAW OFFICE, LLC
P.O. Box 31458
Charleston, SC 29417
Tel: 843 534-5084
Fax: 843 350-3572
david@nauheimlaw.com

/s/ Joshua Mangan
JOSHUA MANGAN
SC Bar Number 104786
NAUHEIM LAW OFFICE, LLC
P.O. Box 31458
Charleston, SC 29417
Tel: 842 352-3519
Fax: 843 350-3572
josh@nauheimlaw.com

September 28, 2022

ELECTRONICALLY FILED - 2022 Sep 28 10:11 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1004532